IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| APOLLOMD PHYSICIAN SERVICES GA, LLC, APOLLO BUSINESS SERVICES, LLC, TRI-COUNTY ANESTHESIA, LLC, and INDEPENDENT PHYSICIANS RESOURCES, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. _____ |
| TRAVELERS INDEMNITY COMPANY OF AMERICA, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Travelers Indemnity Company of America and Travelers Property Casualty Company of America ("Travelers") remove the above-captioned lawsuit from the Superior Court of Gwinnett County, Georgia, Case No. 11A-10925-10, in which it is currently pending, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds for removal of this case, Travelers states as follows:

1

1.      On October 14, 2011, Plaintiffs ApolloMD Physician Services GA, LLC, Apollo Business Services, LLC, Tri-County Anesthesia, LLC, and Independent Physicians Resource, Inc., (collectively "Plaintiffs") filed the above-captioned lawsuit in the Superior Court of Gwinnett County, Georgia. All pleadings in the Gwinnett County Superior Court action are attached hereto as Exhibit A.

2.      Plaintiffs served each Defendant on October 21, 2011.

3.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed in a timely and proper manner.

4.      This civil action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court under 28 U.S.C. §§ 1441 and 1446. This is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is an action between citizens of different states.

5.      Each Plaintiff is and was at the time of the filing of this action a Georgia company with its principal place of business in Georgia.

6.      Travelers Indemnity Company of America and Travelers Property Casualty Company of America were at the time of filing of this action and remain now corporations incorporated under the laws of the State of Connecticut with

their principal place of business in Connecticut. They are therefore citizens of Connecticut pursuant to 28 U.S.C. § 1332(c)(1).

7.     Accordingly, there is complete diversity of citizenship between Plaintiffs and all Defendants.

8.     Plaintiffs have alleged, inter alia, in their Complaint that they had entered into a "professional services agreement" with Wellstar Health System, Inc. ("Wellstar") to provide professional anesthesia services at Wellstar's Cobb Hospital, and that they assigned their employee Paul Serdula to Cobb Hospital to provide that service. (See Plaintiffs' Complaint, ¶¶ 9-16). Plaintiffs in their Complaint identify eleven (11) females, each of whom alleges that while hospitalized at Cobb Hospital for a surgical procedure and after being sedated for that procedure by Serdula she was sexually abused by Serdula.  (See Plaintiffs' Complaint, ¶¶ 18, 33, 48, 63, 77, 91, 102, 113, 124, 135, 146). Five (5) of those female patients commenced a civil action against Wellstar, which in turn allegedly sought indemnification from the Plaintiffs pursuant to the professional services agreement.  The remaining six (6) female patients allegedly made demand on Wellstar and the Plaintiffs but did not commence civil actions.

9.     The Plaintiffs allege that they settled the claims involving all 11 of these female patients, obtaining releases on both their own behalf and on behalf of

Wellstar.   Among other things, Plaintiffs seek to recover in this action from Travelers the amount purportedly paid by them in settlement of these claims.

10.    Plaintiffs in Count I allege that Travelers breached its purported defense and indemnification obligations to them under the terms of a commercial general liability insurance policy (referred to in the Complaint as the "General Liability Policy") with respect to the lawsuit asserted against Wellstar, and the six other claims purportedly asserted against Wellstar and against the Plaintiffs. (See Plaintiffs' Complaint, ¶ 157-170). The General Liability Policy, has limits of $1,000,000 per occurrence/$2,000,000.00 aggregate. (See Plaintiffs' Complaint, Ex. B).

11.    Plaintiffs in Count II allege that Travelers breached its purported defense and indemnification obligations to them under the terms of a "Commercial Excess Liability (Umbrella) Insurance Policy" (referred to in the Complaint as the "Excess Liability Policy") with respect to the lawsuit asserted against Wellstar, and the six other claims purportedly asserted against Wellstar and against the Plaintiffs. (See Plaintiffs' Complaint, ¶ 171-183). The General Liability Policy is scheduled underlying insurance for the Excess Liability Policy.  (See Plaintiffs' Complaint, Ex. B).

12.     The Plaintiffs do not report in their Complaint the amount they have purportedly paid in settlement to these 11 female patients, and are seeking from Travelers.    However, because the Plaintiffs assert in Count II a claim for indemnification under the Excess Liability Policy, the Plaintiffs necessarily seek more than $1,000,000.00, an amount in controversy that exceeds the $75,000.00 jurisdictional threshold exclusive of interest and costs.

13.     In addition, given that 11 female patients purportedly made demands on Wellstar and on the Plaintiffs, given the nature of Serdula's alleged actions and given the claim in Count III of the Complaint in which Plaintiffs allege they are entitled to a "bad faith penalty" under O.C.G.A. § 33-4-6 of at least 50% of what they paid to settle those 11 claims, Travelers respectfully submits on information and belief that the amount in controversy is in excess of the $75,000 jurisdictional threshold, exclusive of interest and costs. (See Complaint, ¶ 184).

14.     A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of Gwinnett County and has been served upon Plaintiffs.

WHEREFORE, Travelers removes this action from the Superior Court of Gwinnett County to this Court.

Respectfully submitted this 18th day of November, 2011.

s/Seth M. Friedman
Linda B. Foster
Georgia Bar Number 081535
Seth M. Friedman
Georgia Bar Number 141501
*Attorneys for Defendants*
Weissman, Nowack, Curry & Wilco, P.C.
One Alliance Center
3500 Lenox Road, 4th Floor
Atlanta, Georgia 30326
(404) 926-4500
Email: lindafoster@wncwlaw.com
Email: sethfriedman@wncwlaw.com

6

## Certificate of Service

I certify that I have this day served a copy of the foregoing **Notice of Removal** on all counsel of record in this action by mailing the same by first-class mail to:

> Assunta Fiorini, Esq.
> Dennis, Corry, Porter & Smith, LLP
> 3535 Piedmont Road, NE
> 14 Piedmont Center
> Suite 900
> Atlanta, GA 30305-4611

This 18th day of November, 2011.

s/Seth M. Friedman
Seth M. Friedman
Georgia Bar Number 141501

WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center
3500 Lenox Road, 4th Floor
Atlanta, Georgia 30326
(404) 926-4500
Fax (404) 926-4600

953291_1.DOCX